# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

David Scott Albers,

               Plaintiff,       Case No. 21-cv-11822

v.                                    Judith E. Levy
                                    United States District Judge

James Biernat, Eric J. Smith, and
Todd Schmitz,                 Mag. Judge Kimberly G. Altman

               Defendants.

_____/

## **ORDER DISMISSING THIS CASE WITHOUT PREJUDICE**

### I. Background

On July 26, 2021, Plaintiff David Scott Albers filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) At the time, Plaintiff was an inmate at FCI Hazelton in Bruceton Mills, West Virginia. (*See id.* at PageID.2, 7, 14.)

Plaintiff did not pay the filing fee for his complaint, and he did not apply for permission to proceed without prepaying the fees and costs for this action. As a result, on August 9, 2021, the Court issued an Order of Deficiency notifying Plaintiff that, within thirty days from the date of the

order, he must pay the filing fee of $350.00 and an administrative fee of $52.00, for a total of $402.00, or apply for permission to proceed without prepayment of the fees and costs and submit a certified trust account statement for the six months immediately preceding the filing of the complaint. (ECF No. 3.) The Court warned Plaintiff that failure to comply with the order would result in the dismissal of his case for want of prosecution. (*See id.*)

Plaintiff did not prepay the required fees or apply for permission to proceed without prepayment of the fees and costs within the thirty-day period specified in the Court's order. On September 19, 2021, however, Plaintiff wrote to the Clerk of the Court and indicated that he wished to keep his file active. (ECF No. 6.) Plaintiff requested information about the status of his case and a copy of the docket for his lawsuit. (*See id.*)

On October 18, 2021, Plaintiff notified the Court that he was being transferred to a different facility and that he did not have the case number for his case because his property was already packed. (ECF No. 7.) Finally, on October 31, 2021, Plaintiff notified the Court that his new address is at USP Leavenworth in Leavenworth, Kansas. (ECF No. 8.) He indicated that he did not have his property yet, did not know his case

number, and would be quarantined for several weeks. (*See id.*) He asked for an updated copy of the docket and an extension of time to respond to any new developments in his case due to circumstances beyond his control. (*See id.*)

The Court concluded from Plaintiff's letters that he remained interested in his case and that it was possible he never received the August 9, 2021 Order of Deficiency or a copy of the docket showing that a response to the order was required by September 8, 2021. Therefore, on December 9, 2021, the Court issued a second deficiency order that granted Plaintiff an extension of time to cure the procedural deficiency in this case. (ECF No. 9.)

The Court's December 9, 2021 Order stated that, within thirty days of the date of the order, Plaintiff must (1) prepay the filing fee of $350.00, plus the administrative fee of $52.00, for a total of $402.00, or (2) file an application to proceed without prepaying the fees and costs and submit a certified statement of his prison trust fund account for the previous six months. (*See id.* at PageID.30.) The Court warned Plaintiff that failure to comply with the Court's order could result in the dismissal of his

complaint for want of prosecution. (*See id.*) To date, Plaintiff has not responded to the Court's December 9, 2021 Order.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute or to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Nolan v. Comm'r of Soc. Sec.*, No. 19-13401, 2020 WL 9763072, at *1 (E.D. Mich. Mar. 10, 2020) ("A court may dismiss an action under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order."), *report and recommendation adopted*, No. 19-cv-13401, 2020 WL 9763071 (E.D. Mich. June 19, 2020); *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991) (stating that Rule 41(b) "authorizes the district court to dismiss a plaintiff's action for failure to prosecute"). Although the rule contemplates a dismissal on motion of a defendant, the Supreme Court has held that district courts may dismiss a case *sua sponte* under Rule 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962). Eastern District of Michigan Local Rule 41.2 also authorizes the dismissal of a case on the Court's own motion following reasonable notice "when it

4

appears . . . that the parties have taken no action for a reasonable time." E.D. Mich. LR 41.2.

When contemplating the dismissal of a case for failure to prosecute or to comply with a court order, the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, Plaintiff still has not paid the filing and administrative fees for his complaint. Nor has he applied for permission to proceed without prepaying the fees and costs even though he commenced this case in July 2021 and has been ordered on two occasions to correct the procedural

5

deficiency. The delay appears to be Plaintiff's fault because a copy of the Court's second deficiency order was mailed to him at his current address on December 9, 2021, and he has not responded to the order. (*See* text-only certificate of service dated December 9, 2021.) There is no indication on the docket that the order was returned to the Court as undeliverable. Thus, the first factor weighs against Plaintiff.

The second factor—whether the adversary was prejudiced by the party's conduct—weighs in Plaintiff's favor because none of the Defendants has been served with the complaint or has filed an appearance in this case. As a result, the Defendants have not been prejudiced by Plaintiff's conduct.

The third factor weighs against Plaintiff. "Prior notice, or the lack thereof, is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). In this case, the Court previously warned Plaintiff that failure to comply with the Court's orders would lead to the dismissal of his case.

As for the fourth factor, the Court considered less drastic sanctions against Plaintiff for his failure to comply with the statutes and case law

6

governing the filing fee for civil complaints. The Court issued two deficiency orders and gave Plaintiff ample time to correct the deficiency.

In sum, three of the four factors listed above favor dismissal. The Court therefore concludes that it is not an abuse of discretion to dismiss this case for want of prosecution and for failure to comply with the Court's orders.

### III. Conclusion

For the reasons set forth above, this case is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2.

IT IS SO ORDERED.

Dated: April 5, 2022　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 5, 2022.

　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　　Case Manager